## THE LYRA.

### (District Court, N. D. California, First Division.   March 14, 1916.)

#### Nos. 15071, 15134.

SHIPPING ☞132(3)—SUIT FOR DAMAGE TO CARGO—BURDEN OF PROOF.

In a suit to recover for damage to a cargo of sugar shipped under a bill of lading, reciting the receipt in good order and condition of a stated number of bags of sugar, "weight and contents unknown," the shipper has the burden of proving by evidence other than such recital, that the sugar was in good order and condition when received on board.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 479–481; Dec. Dig. ☞132(3).]

In Admiralty.   Suit by the Federal Sugar Refining Company against the American Steamship Lyra, and cross-suit by J. A. McDonald, master of the Lyra, against the libelant.   Order of reference.

McCutchen, Olney & Willard and Ira A. Campbell, all of San Francisco, Cal., for Federal Sugar Refining Co.

William Denman and Denman & Arnold, all of San Francisco, Cal., for the Lyra.

DOOLING, District Judge.   These cases arise out of the shipment of a cargo of refined sugar on board the steamship Lyra from New York to San Francisco by way of Cape Horn.   The first is for damage to the cargo, and the second is for freight.   They were tried together.   The shipment consisted of 112,000 bags, of which about 30,000 were found to be caked when unloaded.   There were some other elements of damage to other bags, but the matters in issue here have only to do with the sugar that was caked.   The bills of lading contain the following: "Shipped in good order and condition ——— bags of refined sugar"—with the added words, "weight and contents unknown."   Under these provisions the burden is upon the shipper to show, by proof other than the recitals in the bills of lading, that the sugar was in good order and condition when received on board the ship.   Libelant has offered proof of the fact, and contends that the caking of the sugar was the result of a failure to ventilate it at any time during the voyage, which lasted 71 days.   Respondent contends that the caking was not due to lack of ventilation, but to the fact that the sugar absorbed sufficient moisture to produce this effect while on its way from the refinery to the ship, and particularly while on board the lighters by which it was conveyed to the ship.   It is further contended that the failure to ventilate, which is admitted, was due to instructions given by the libelant's president.   The shipment of this large cargo of sugar from the Atlantic to the Pacific Coast was in the nature of an experiment, and great care was taken by libelant to have it reach the ship in good condition.   It is not impossible, however, that despite this care some of the sugar, which left the refinery warm, and remained at times for hours upon the lighters within a few feet of the waters of the Hudson river, did

absorb moisture sufficient to produce the caking complained of without the knowledge of libelant, and without showing any external signs thereof which would put either the shipper or the ship upon notice. I cannot account for the fact that upon unloading, bags of caked sugar were found alongside of others that were absolutely free from caking, and the further fact that blocks of caked bags were found in the center of piles surrounded by bags that were not caked at all, upon any other theory than that the caking was the result of conditions existing in the sugar rather than of conditions existing in the ship. It is undisputed that dry sugar will absorb moisture, and that, when warm, it is very prone to do so. It is also true that the caking of sugar is due to the presence of moisture therein and its subsequent drying out. If in the present instance the moisture were absorbed after the sugar was stowed, we would expect to find the outer layers most affected. But if the moisture was absorbed before the sugar was stowed, we would expect to find the conditions actually existing. That is to say, if the load or any portion of it upon any lighter absorbed moisture sufficient to produce caking, we would find the caked sugar distributed just as the moist sugar from the lighter was stowed. Taking the whole case together, the evidence does not warrant a finding that the caking was due to lack of ventilation. The circumstances all indicate that it was due to moisture in the sugar, and not to moisture in the ship, and that the presence of such moisture in the sugar was not noticeable when the sugar was taken on board. It is therefore not necessary to determine whether the majority of sugar cargoes were ventilated at this time, or whether orders were given to the captain of the Lyra to keep this cargo closed. Considering, however, the failure to ventilate after all the preparation made therefor, I am of the opinion that the captain understood that he had received such instructions.

As to the damages claimed, other than those arising from the caking, the cause will go to the commissioner to ascertain and report the amount thereof. The decree to be entered will be determined when the amount of such damage is ascertained.